UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | CV 11-5559-GW(CWx) |
| Title | *Ironclad Performance Wear Corporation v. Mechanix Wear, Inc.* |
| Date | December 15, 2011 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Sean M. Kneafsey   Sevag Demirjian

**PROCEEDINGS:   DEFENDANT'S MOTION TO DISMISS (filed 11/16/11)**

The Court's Tentative Ruling is circulated and attached hereto. Parties advise the Court that settlement has been reached in this matter (Docket No. 9).

An Order to Show Cause re Settlement hearing is set for **December 29, 2011 at 8:30 a.m.** The parties are advised that the order to show cause will be vacated and no appearance will be required provided that a Stipulation to Dismiss, with a proposed order, is filed by noon on December 28, 2011.

The Defendant's Motion is continued to **December 29, 2011 at 8:30 a.m.**

: 06

Initials of Preparer   JG

***Ironclad Performance Wear Corp. v. Mechanix Wear, Inc.***, Case No. CV-11-5559
Ruling on Motion to Dismiss

On July 6, 2011, Ironclad Performance Wear Corporation ("Ironclad") sued Mechanix Wear, Inc. ("Mechanix") for patent infringement of U.S. Patent No. 7,287,285 ("the '285 Patent"). The '285 Patent is for a "Glove Construction Wherein Palm Material Rolls Over Fingertip." Complaint ¶ 6 & Exh. 1. Ironclad also asserts Mechanix has contributed to or induced the infringement of the '285 Patent. *See id.* ¶ 7.

Mechanix now moves to dismiss the Complaint arguing that Ironclad did not serve it with the Complaint within the 120-day period allowed by Fed. R. Civ. P. 4(m). Ironclad responds both that Mechanix failed to meet and confer in advance of the motion and that the reason it did not serve the Complaint was that the parties were exploring an out-of-court resolution of the dispute throughout that period. When Ironclad sought to discuss the motion after its filing and Mechanix failed to timely respond, Ironclad proceeded to actually serve the Complaint. *See* Docket No. 7. Following Ironclad's recitation of these facts in its Opposition brief, Mechanix did not file a Reply.

Federal Rule of Civil Procedure 4 indicates that, absent good cause, any defendant not served within 120 days after commencement of the action must be dismissed from the action. *See* Fed. R. Civ. P. 4(m); *Lemoge v. United States*, 587 F.3d 1188, 1198 & n.3 (9th Cir. 2009). The Court may, however, extend the service time upon a showing of excusable neglect, even if good cause is not shown. *See Lemoge*, 587 F.3d at 1198; *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (indicating that district court has discretion to extend time for service of process even after the 120-day period has expired); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 513 (9th Cir. 2001) (indicating that court's "discretion is broad" in determining whether to "direct that

service be effected within a specified time"). Given Mechanix's failure to counter the facts as Ironclad has recited them, Ironclad has shown good cause, or, at a minimum, excusable neglect for failure to serve the Complaint within the 120-day period. An extension of that time period is an especially appropriate outcome given that Ironclad has now, in fact, served Mechanix with the Complaint – an event that occurred because of Mechanix's failure to discuss the motion post-filing, a responsibility it actually had pre-filing under this Court's Local Rules.

    For all of these reasons, the motion is denied.